IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD J. CALLENDER, *et al.*,      ) | |
|                                        ) | |
|     *Plaintiffs*,                          ) | |
|                                        ) | |
| v.                                                 ) | Case No.: 8:17-cv-03249-TDC |
|                                        ) | |
| WADE CALLENDER, *et al.*,          ) | |
|                                        ) | |
|     *Defendants*.                       ) | |
|                                        ) | |

**DEFENDANT ERICA CALLENDER'S MOTION TO DISMISS**

Defendant Erica Callender ("Erica"), by and through undersigned counsel and pursuant to FED. R. CIV. P. 12(b)(6), respectfully moves to dismiss the single count brought against her in the above-captioned action by Plaintiffs Donald J. Callender ("Donald Callender") and Convergence Management Associates, Inc. ("CMA") (collectively "Plaintiffs"), and in support, states as follows:

**INTRODUCTION**

In an unfortunate footnote to a previously dismissed proceeding (hereinafter referred to as the "2015 Action"), Plaintiffs have again sued Erica, this time under a single theory that she willfully abused the process of this Court by failing to oppose CMA's own motion to have the 2015 Action dismissed with prejudice.

Even a cursory review of the Complaint reveals that the true target of this action is Erica's husband (and Donald Callender's son), co-Defendant Wade Callender ("Wade"). Erica will defer to Wade's contemporaneously-filed motion to address the factual and legal issues directed solely at him. However, once the

allegations and claims against Wade are stripped from the Complaint, nothing remains in support of the sole claim against Erica (other than her consent to a dismissal). There is no overt act constituting a recognized basis for any abuse of process claim. Plaintiffs' failure to recite the base requisite grounds for an abuse of process claim reflects something obvious: the absence of <u>any</u> requisite grounds for such a claim.

The aforementioned deficiencies within Plaintiffs' claim are compounded by Plaintiffs' lack of standing to even assert such a claim. As this Court knows, Donald Callender was not a party to the 2015 Action at the time of its dismissal in February 2017. As discussed in the motion filed on Wade's behalf, CMA similarly cannot assert an injury in fact, as required to establish legal standing. Because the Complaint fails to state any claim against Erica upon which relief may be granted, it must therefore be dismissed, with prejudice.

## **GOVERNING LAW**

A motion to dismiss pursuant to Rule 12(b)(6) provides "a defendant with a mechanism for testing the legal sufficiency of a complaint." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086 (4th Cir. 1979). Specifically, the test is to determine whether a complaint alleges sufficient facts to assert a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plausible claim for relief exists when the allegations allow "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To do so, a plaintiff must provide grounds for his entitlement to relief, which "requires more

2

than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, although this Court must review the complaint in totality, consider its factual allegations as true, and construe those allegations in the light most favorable to the plaintiff, *Albright v. Oliver,* 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (emphasis added).

## ARGUMENT

### A. PLAINTIFFS LACK STANDING TO BRING A CLAIM FOR ABUSE OF PROCESS AGAINST ERICA.

Plaintiffs fundamentally lack standing to assert a claim for abuse of process against Erica. To assert any cause of action, a party must have standing to do so, the burden of proving which rests with the party asserting the cause of action. *Khan v. Children's National Health System*, 18 F.Supp.3d 524, 528 (D.Md. 2016) (citing *Hollingsworth v. Perry*, --- U.S. ---, 133 S.Ct. 2652, 2661 (2013); *Lujan v. Defs of Wildlife*, 504 U.S. 555, 561 (1992)). To have proper Article III standing, a plaintiff must establish: (a) that it suffered an injury in fact; (b) that is fairly traceable to the challenged conduct; and (c) that is likely to be "redressed by a favorable judicial decision." *Id*. (quoting *Hollingsworth*, 133 S.Ct. at 2661).

First, the Complaint concedes that, prior to the dismissal of the 2015 Action, "CMA was substituted in as a [P]laintiff in an amended complaint filed with the [C]ourt." *See* [ECF No. 1] at 4, n. 1. The amended complaint to which Plainitffs

3

refer, filed on July 13, 2016, named only CMA and Convergex Caribbean Ltd. as parties – <u>not</u> Donald Callender.[1]  Put simply, Donald Callender was not a party to the 2015 Action at the time the stipulation of dismissal at issue was filed,[2] and subsequently entered by the Court.[3]  As such, he cannot himself assert any injury arising from the Court's dismissal.  Accordingly, his individual claim against Erica for abuse of process fails as a matter of law.

Second, CMA similarly lacks standing to set forth any claim for abuse of process against Erica, for all the reasons presented in the contemporaneously-filed Motion to Dismiss or, in the alternative, for Summary Judgment filed on Wade's behalf.  Those arguments are incorporated by reference as if fully set forth herein, and likewise serve as grounds to dismiss CMA's claim against Erica as a matter of law.

> **B.  ASSUMING, *ARGUENDO*, THAT PLAINTIFFS HAVE STANDING, THEY HAVE FAILED TO PROPERLY PLEAD AN ABUSE OF PROCESS CLAIM AGAINST ERICA, THUS WARRANTING DISMISSAL UNDER RULE 12(B)(6).**

Next, even assuming, *arguendo*, that Plaintiffs possess standing to bring a claim for abuse of process against Erica, the Complaint fails to set forth all the

---

[1] The amended complaint in question was filed as ECF No. 42 in the 2015 Action.  The Court may "take judicial notice of matters of public record…[as well as] consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[,]" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal quotations and citations omitted), all without converting this Motion into one seeking summary judgment.

[2] *See* ECF No. 74 in the 2015 Action.

[3] *See* ECF No. 75 in the 2015 Action.

4

necessary elements of such a claim. In order to establish an abuse of process claim under Maryland law, a plaintiff must properly allege that the named defendant: (a) "willfully used process after it has issued in a manner not contemplated by law[;]" (b) acted "to satisfy an ulterior motive[;]" and (c) caused damages to result due to the "perverted use of process[.]" *Metro Media Entertainment, LLC v. Steinruck*, 912 F.Supp.2d 344, 350 (D.Md. 2012) (quoting *One Thousand Fleet Limited P'ship v. Guerriero*, 346 Md. 29, 38 (1997)) (internal quotations and additional citations omitted). The Complaint does not sufficiently allege facts establishing these elements.

This particular tort exists to provide a remedy for circumstances where "legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior motive <u>for which it was not designed</u>." *Id*. (quoting *Guerriero*, 346 Md. at 38) (emphasis added). Here, aside from Plaintiffs' impermissibly-vague conclusion, *see id*. at 12, ¶ 45, no factual allegations are pled to support Plaintiffs' claim that Erica possessed an ulterior motive. The absence of such requisite factual allegations within the otherwise prolix Complaint only heightens the deficiency of support.

In fact, even if this Court gave Plaintiffs the benefit of the worst imaginable intentions by Erica, Plaintiffs' claim would <u>still</u> fail because an abuse of process claim cannot be sustained by a vacant invocation of improper motive. In Maryland, "abuse of process requires a perversion of court process to accomplish some end

5

which the process was not designed to accomplish; <u>it does not arise from a regular use of process, even with ulterior motives</u>." *Attorney Grievance Com'n of Md v. Roberts*, 394 Md. 137, 161 (2006) (quoting *Capitol Elec. Co. v. Cristaldi*, 157 F.Supp. 646, 648 (D.Md. 1958) (emphasis added) (internal quotations omitted). Plaintiffs' Complaint does not, and cannot, allege that Erica deviated from the regular use of any process.

To wit, this particular Complaint may be most notable for what it does <u>not</u> allege against Erica: membership among the offending partnership. Nowhere in the Complaint is Erica even <u>alleged</u> to be a partner of the Falkirk Family Limited Partnership ("FLLP"), let alone a decision-maker for that entity. The Complaint is devoid of any allegation that Erica participated in, let alone approved, any of the alleged acts of which Plaintiffs now complain. Given the otherwise garrulous nature of its allegations, the death of any alleged factual or legal connection whatsoever between Erica and the FFLP's alleged wrongdoing (i.e., wresting control of the partnership and, by extension, over CMA and any related property) is conspicuous. The same is true for any of the alleged FFLP actions about which Plaintiffs also complain. *See generally* [ECF No. 1] at 3-7, ¶¶ 12-25.[4]

Instead, Plaintiffs nakedly allege that: (a) Erica was sued, *see id*. at 3, ¶ 9; (b) Erica hired attorneys to defend that suit; *see id*. at 3, ¶ 10; (c) the suit was dismissed, *see id*. at 8, ¶ 26; and (d) Erica's attorney failed to oppose Erica's

---

[4] Indeed, if Erica was among the otherwise unnamed "family members" who voted to take control of the FFLP, Plaintiffs' failure to say so speaks volumes. *See id*. at 3, ¶ 12.

dismissal.  *See id*. at 9, ¶ 29.  None of these allegations demonstrate a willful misuse of process by Erica, let alone a misuse of anything that is <u>not contemplated by law</u>.  In essence, as is discussed in the motion filed on behalf of Wade, Erica is now being sued by a plaintiff with no individual standing (Donald Callender) because she failed to oppose the dismissal filed by the other plaintiff (CMA).

The dismissal of the 2015 Action operated within the very framework intended for use before this Court and the governing Rules.  For all of these reasons – and those contemporaneously argued by Wade – Plaintiffs' claim for abuse of process fails as a matter of law and should be dismissed, with prejudice.

WHEREFORE, Erica Callender respectfully requests that this Court: (a) grant this Motion; (b) dismiss the lone claim brought against her in this matter, with prejudice; and (c) grant any further relief it deems necessary under the facts and circumstances presented herein.

Dated: January 19, 2018          Respectfully submitted,

                                 _____/s/_____
                                 Edward P. Parent, Esq. (Bar No. 29370)
                                 SILVERMAN THOMPSON SLUTKIN WHITE, LLC
                                 201 North Charles Street, Suite 2600
                                 Baltimore, Maryland 21201
                                 Phone: (410) 385-2225
                                 Facsimile: (410) 547-2432
                                 nparent@mdattorney.com

                                 *Attorney for Defendant Erica Callender*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of January, 2018, a copy of the foregoing document was filed electronically in this Court, and thus served via the Court's electronic filing system, Case Management/Electronic Case Files (CM/ECF), upon the following counsel of record:

> John E. Carpenter, Esq. (Bar No. 22377)
> 910 17th Street, N.W., Suite 800
> Washington, D.C. 20006

Dated: January 19, 2018                      /s/
                                             Edward P. Parent, Esq. (Bar No. 29370)