# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| DONALD J. CALLENDER et.al. | |
| Plaintiffs | Case No. 8:17-cv-03249 TDC |
| v. | |
| WADE CALLENDER | |
| Defendant | |

## PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM
## FILED BY THE DEFENDANT

Plaintiffs, by and through counsel, submit the following motion seeking an order from the court to dismiss defendant's counterclaim. In support of said motion, plaintiffs state as follows:

### Background

This matter follows a prior action that was filed in this court by both plaintiffs against one of the former defendants in this action Erica Callender. (See Convergence Management Associates Inc. et. al v. Erica Callender Docket No. 8: 15-cv-04015 TDC). Jurisdiction to this court was based upon diversity of citizenship. In short, the prior case sounded in fraudulent conversion of funds against the defendant Erica Callender. In the prior action, the defendant filed three motions to dismiss and further sought to have the case transferred to Texas all of which were denied by this court. Following these efforts to have the matter dismissed over the course of approximately one year, a scheduling

order was entered by the court and the case was to proceed with discovery. No discovery was taken in the prior case nor were any issues or allegations raised by the prior action adjudicated.

Before the parties in that action could do so, a defendant in this action, Wade Callender, retained counsel who promptly entered his appearance on behalf of the plaintiff at the time Convergence Management Associates Inc. (hereinafter CMA) and immediately dismissed the prior case after doing so. Dismissal of the prior action was done without any consultation with counsel who had been representing CMA throughout the duration of the matter over a period of many months. The present action was filed some months later averring torts arising out of the dismissal of the prior matter as well as other conduct engaged in by the defendant Wade Callender during the pendency of the prior case.

Following the filing of this matter, both defendants Wade and Erica Callender filed motions to dismiss the complaint which were opposed by the plaintiffs. In their respective motions to dismiss, defendants argued that the plaintiffs in this matter do not have standing or the legal authority to bring this action among other arguments. The court subsequently ruled on the motion granting defendant Ercia Callender's motion to dismiss, but allowing the bulk of the complaint to go forward against the defendant Wade Callender. The court next ordered defendant Wade Callender to file an answer to the complaint filed.

The parties consented to participate in mediation and the matter was set down for mediation on November 14, 2018. The matter was not resolved though the mediation process. The court earlier ordered that the plaintiffs could timely file a motion to dismiss

defendant's counterclaim if done so within two weeks from the mediation. Pursuant to that order, plaintiffs now move this court to dismiss the counterclaim filed by the defendant for the reasons cited herein.

**Legal Argument**

**A. Standard of Review**

Plaintiff files this motion pursuant to FRCP 12 (b) (6). When ruling on a 12 (b) (6) motion, the court must accept as true all the factual allegations contained in the complaint. *Erickson v. Pardue* 551 U.S. 89, 127 S. Ct. 2197 167 L. Ed 2d 1081 (2007). All reasonable inferences must be drawn in favor of the complainant. *Nemet Chevrolet Ltd. v. Comsummeraffairs Inc..* 591 F.3d 250 (2009). While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic v. Twombly* 55 U.S. 544, 555 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When there are well pleaded factual allegations, a court assumes their veracity and determines whether they plausibly give rise to entitlement for relief. *Ashcraft v. Iqual* 129 S. Ct. 1937 (2009). While a complainant attacked by a Rule 12 (b) (6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic v. Twombly* 550 U.S. 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Dismissal for a failure to state a claim upon which relief can be granted is proper only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. FRCP 12 (b) (6). In applying the standards utilized in considering a party's motion to dismiss pursuant to FRCP 12 (B) (6), the counterclaim filed by the defendant should be dismissed.

As to pleadings, this action is governed by the liberal pleading standard found in FRCP 8. FRCP Rule 8 (a) (2) requires that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8 (d) (1) provides that each allegation in a complaint must be simple, concise and direct. Rule 8 (f) instructs courts to construe all pleadings to do substantial justice. The purpose of pleadings is simply to give the defendants fair notice of what the plaintiffs' claim is and the grounds upon which it rests, and not to state in detail the facts underlying the complaint. *Conley v. Gibson* 355 U.S. 41, 47 78 S. Ct. 99 102 2 L. Ed. 2d 80 (1957). In other words, federal rules establish a regimen in which simplified pleadings provide notice of the nature of the claims being made and to define more narrowly the disputed facts and issues through the liberal opportunity of discovery and pretrial procedures established by the rules. A complaint need not allege all that plaintiff must eventually prove at trial.

FRCP Rule 9 (a) (2) requires that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. The same pleading requirements necessary for the filing of a complaint apply similarly to the filing of a counterclaim. See *EZSheild v. Harland Clarke* 2013 WL 12244288. In applying these liberal pleading standards to the instant matter, it is clear the defendant/counterplaintff has not sufficiently plead any viable action against the plaintiffs in the counterclaim filed with the court. Threadbare recitals of the elements of a cause of action, supported by mere statements will not suffice. *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). The court has the discretion to dismiss a case or a counterclaim at any time if it determines that the action or counterclaim is factually insufficient or legally frivolous. Such is the case with

the counterclaim filed by the defendant and thus plaintiffs move this court to dismiss the counterclaim as required by the rules of pleading and the further arguments contained herein.

### B. Defendant's Count for Abuse of Process Should be Dismissed

Under Maryland law, an action for abuse of process provides a remedy for those cases in which legal procedure has been set in motion in proper form, with probable cause, but nevertheless been perverted to accomplish an ulterior purpose for which it was designed. *One Thousand Feet Limited Partnership v. Guerriero* 346 Md. 29, 38, 694 A.2d 952 (1997). The tort of abuse of process occurs when a party has willfully misused criminal or civil process after it has issued in order to obtain a result not contemplated by the law. See *Berman v. Karounis* 308 Md. 259, 262, 518 A.2d 726 (1987). In his counterclaim, defendant Callender argues that the mere filing of this matter by the plaintiffs constitutes an abuse of process. No specific allegations of misuse of the process is alleged. Defendant, through counsel, refers to the divorce action involving his parents and further states that Donald Callender took offense to the fact that the defendant sided with his mother, not plaintiff in the divorce action. Again, no specific facts are alleged to support this charge. Nonetheless, defendant goes on to suggest, without factual basis, that this action was filed to simply embarrass, humiliate and generally cause pain and humiliation to the defendant.

In so doing, defendant Callender conveniently ignores the fact that two motions to dismiss this matter were previously filed by the two named defendants to this action. The court ruled on the motions to dismiss and as to this defendant allowed much of the complaint alleged against him to go forward. The question should be asked why would

the court allow this cause of action to go forward as to defendant Wade Callender if the action constitutes an abuse of process, as the defendant avers. The obvious answer is that the filing of this action does not constitute a misuse of process in order to obtain a result not contemplated by law. See *Berman v. Karvounis* 518 A.2d 726 (1987). Defendant has failed to plead the necessary predicate in support of his abuse of process count. Accordingly, the count of abuse of process in defendant's counterclaim should be dismissed by this court.

To sustain an action of abuse of process a party must establish that the defendant willfully used process for an illegal purpose; to satisfy an ulterior motive and the party was damaged by the perverted use of process. See *Berman* supra. Moreover, there must be present a willful act in the use of the process not proper in the regular conduct of a proceeding. In other words, there must be some definite act or threat not authorized by the process or aimed at an objective not legitimate use of process, and there is no liability where a party has done no more than carry out the process to its authorized conclusion. See W. Prosser, Handbook of the Law of Torts Section 121 at 857 (4th Ed. 1971). Defendant Callender in his abuse of process claim has averred no such act, threat or any conduct by the plaintiffs not within the bounds of legitimate process in this tort action.

Defendant seems to suggest that this action was filed simply to harass him without specifically pleading facts to support this assertion. Defendant's amorphous assertions that plaintiff Donald Calledner filed this action simply to harass him is not supported by any underlying facts. This action sounds in trespass, conversion, tortious interference with business relationships and abuse of process all arising from conduct affirmatively engaged in by the defendant. It was not filed to harass the defendant but

6

avers recognized torts supported by facts in which the plaintiffs sustained significant damages and losses.

The moment one attempts to attain some collateral objective, outside the scope of the operation of the process employed, a tort has been consummated. See *Palmer Ford Inc. v. Wood* 298 Md. 484, 512 417 A.2d 297 91984). No collateral objective is being sought here by the plaintiffs. In filing this action, plaintiffs simply seek damages for losses sustained arising from the defendant's tortious conduct. In defendant's abuse of process count, defendant has failed to aver any facts to establish how the filing of this action is being used for any purpose other than that normally employed in any court action. Accordingly, the defendant's abuse of process count must be dismissed.

Defendant has failed to allege in what manner process has been used in some abnormal fashion. See *Berman v. Karvounis* supra at 730. The pleading does not aver some act or threat not authorized by process or one aimed at an objective not legitimate use of process. See *Humphrey v. Herridge* 653 A. 2d 491 (1995). Indeed, in *Berman*, the Maryland Court of Appeals held that no liability for abuse of process exists where the party has done no more that carry out the process to its authorized conclusion, even with bad intentions. Plaintiffs deny any bad intentions in filing the instant matter. More importantly, the defendant has failed to plead that the plaintiffs have somehow perverted or abused process by filing this action. Accordingly, plaintiffs move this court to dismiss defendant's abuse of process count in the counterclaim filed with the court.

### C. Defendant's Defamation Count Should be Dismissed

In his counterclaim, the defendant further avers that plaintiff Donald Callender engaged in defamatory conduct. In so doing, defendant cites the allegations contained in

the instant action as being defamatory. (See para. 10 of defendant's counterclaim). In addition, defendant alludes to statements allegedly made by plaintiff Donald Callender when he swore out a criminal complaint against the defendant alluding to a court case filed in the Calvert County District Court that being Case No. 1000062483. (See defendant's counterclaim at para. 11). In the defamation count, defendant further alleges that the criminal complaint was made in approximately April or May 2017. These are the only two specific instances cited by the defendant in his counterclaim in which the defendant avers that plaintiff Callender engaged in defamatory conduct.

      First, as to the criminal complaint filed in either April or May 2017, the statue of limitations would bar an action for defamation arising out of those statements. The statute of limitations is an affirmative defense that should only be employed to dismiss claims pursuant to Rule 12 (b) (6) when it is clear from the fact of the complaint that the claims are time barred. *Long v. Welch & Rushe* 28 F. Supp. 3rd 446 (2014). See also *Eiola v. Leasecomm Corp.* 214 F. Supp. 2d 520, 525 (D. MD. 2002). Maryland imposes a one-year statute of limitations on claims for defamation. Md. Code Ann. Cts. And Jud. Proc. 5-105. The limitations period begins to run on the date the statements are improperly communicated. See *Bagwell v. Peninsula Reg. Med. Ctr.* 665 A.2d 297 (1995). Moreover, the continuous harm doctrine does not apply to defamation claims. See *Long v. Welsh & Rushe* supra. In the instant matter, as to the criminal complaint filed by the plaintiffs against the defendant by the defendant's own admission, the complaint, and the statements contained therein, was filed either in April or May of 2107. The counterclaim in this action was filed on August 09, 2018, clearly beyond the one-year statute of limitations period. Thus, on this basis, the portion of the defamation claim

referring to the criminal complaint filed should be dismissed as being beyond the statue of limitations.

Moreover, the statements found in this action and the criminal complaint filed in the Calvert County District Court are both protected by absolute judicial privilege. In a defamation case, the existence of a privilege is a question of law for the court. *Gohari v. Darvish* 767 A. 2d 321 (2001). It is uncontroverted that absolute privilege applies to statements contained in pleadings, affidavits or other documents directly related to court case. *Offen v. Brenner* 935 A.2d 719 (2007). The privilege is broad and comprehensive and applies irrespective of whether the statements contained therein contain erroneous allegations of fact. *Keys v. Chrysler Credit Corp.* 494 A.2d 200 (1985). Any complaint filed in a court is accordingly privileged under the law and not subject to a defamation action. This rule of law is basic and clear cut. The Maryland Court of Appeals has long held that witnesses, parties and judges enjoy absolute immunity from civil liability for statements made in a judicial proceeding.

By the defendant's own admission, the two statements alleged to have been defamatory were made in the context of judicial proceedings. As such both statements are absolutely privileged and thus defendant's defamation count must be dismissed. The viability of a democratic government requires that citizens be free to file non-frivolous court actions without the fear or concern of being sued for defamation in the process. Any harm occasioned by the filing of a court action is outweighed by the public's interest in allowing citizens to have a free and unimpeded access to the court system, hence the doctrine of absolute privilege as to any such actions. Accordingly, defendant's defamation count in the counterclaim should be dismissed by the court.

### D. Defendant's Count for False Light Should be Dismissed

In count four of the counterclaim defendant alleges that plaintiff Donald Callender published information that portrayed defendant Wade Callender in a false light. The count for false light is plead in a general and conclusory manner by defendant. No specific publication is referred to in the false light count plead. Defendant, also without providing supporting facts, alleges that plaintiff Callender encouraged others to publish information that placed Wade Callender in a false light. Again, no specifics are provided. If the publication referred to in this particular count are the criminal complaint filed and the filing of this action then as with the defamation count those statements are again absolutely privileged. If the false light count is premised upon other publications not specifically alluded to then the false light count should be dismissed for being improperly plead. Either way, the false light count, like the defamation count, should be dismissed by this court.

To state a cause of action for false light invasion of privacy, one must allege a publication which unreasonably places one in a false light before the public. See *Smith v. Esquire* 494 F. Supp. 967 (1980). The false light in which the other person was placed should be highly offensive to a reasonable person and the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. See *Watkins v. Cable News Network* 2018 WL 1970447 (2018). Moreover, an allegation of false light must meet the same legal standards as an allegation of defamation. *Piscatelli v. Van Smith* 424 Md. 294, 306 (2012). As previously argued regarding the defendant's defamation count, if the publication that the defendant is referring to in its false light count are the statements

made in the criminal complaint and the filing of this action then as with the defamation count thus statements are privileged. Accordingly, defendant's false light count, like his defamation count, fails.

If in the alternative the defendant in its false light count is relying on other alleged publications made by plaintiff Callender, then the false light count has been plead improperly and thus again should be dismissed. In short, the false light count under these circumstances is not legally sufficient as plead. A motion under Rule 12 (b) (6) can challenge the legal sufficiency of a complaint or a counterclaim. *Johnson v. Alternative Resources Corp.* 458 F. 3d 332, 338 (4th Cir. 2006). Rule 12 (b) (6) authorizes a court to dismiss any complaint that does not state a claim upon which relief can be granted. Put another way, parties may proceed with litigation only when their complaints are justified by both law and fact. *Francis v. Giacomelli* 588 F. 3d 186 (2009). In *Iqbal*, the court stated that to arrive at a motion to dismiss a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. *Twombly* 550 U.S. at 570. A complaint or counterclaim must demonstrate more than a sheer possibility that one has acted unlawfully. Id.

A complaint must state more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do. *Twombly* 550 U.S. at 555. Applying this standard to the defendant's false light count in the counterclaim, it is clear that the claim has not been properly plead and thus should be dismissed. The mere conclusion that one has been placed in a false light is simply not enough. A court considering a motion to dismiss can determine that pleadings that contain no more than conclusions are not entitled to the assumption of truth. See *Francis v. Giacomelli* 588 F.

3d 186 (2009). Naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief. Francis supra. Defendant Callender has not provided any factual enhancement in support of his false light claim. The doors of discovery should not be unlocked to a party that has plead nothing more than conclusions. The allegations such as they are in support of defendant's false light claim are conclusory and insufficient to state a claim even under the liberal rules of pleading. Accordingly, this count too should be dismissed by the court.

### E. Defendant's Breach of Partnership Agreement Count should be Dismissed

Finally, defendant avers in count three of the counterclaim that the plaintiffs cannot bring an action against him for any disputes involving the FFLP without the affirmative vote of 85 % of the partners as a condition precedent to any litigation. (See para. 20 of defendant's counterclaim). Any such action if filed would be a breach of the partnership agreement according to the defendant. In this count, defendant asserts once again with certainty that Convergence Management Associates (CMA) is formally owned by the Falkirk Family Limited partnership pursuant to the assignment of interest dated April 13, 2007. This is a position that the defendant has not only consistently taken but acted upon for almost two years without any legal authority or adjudication to support the position. In short, no legal authority exists to support the position maintained by the defendant and the subsequent actions he engaged in giving rise to this matter.

This court in its memorandum opinion of July 26, 2018 specifically stated that the record as it presently exists is insufficient to determine whether the FFLP controls CMA following the vote that allegedly took place on November 03, 2016. (See opinion at pg.

23). Moreover, the court, in the same opinion, further stated at present it cannot assess the meaning and validity of the assignment upon which the defendant relies. (See opinion at pg. 23). In addition, again there has never been an adjudication by any legal authority, including Judge Wells, to support the defendant's position that the FFLP owns and controls CMA. Accordingly, the defendant lacks the necessary legal predicate, that being that the FFLP owns and controls CMA as averred in count three of the counterclaim, to bring an action of breach of partnership agreement. Without this legal precedent in place, defendant cannot pursue a count that the within action is a violation of the partnership agreement. Simply put, he lacks the legal standing for doing so. For this reason, this count should also be dismissed by this court.

In addition, this action sounds in torts engaged in by the defendant and does not in any way implicate the partnership agreement upon which the defendant refers. As averred, the defendant affirmatively engaged in the torts as plead in the plaintiffs complaint and no legal authority exists or was obtained to warrant defendant's conduct. The complaint, as plead, does not constitute a breach of the partnership agreement. Accordingly, this count too should be dismissed.

## CONCLUSION

For all of the reasons cited herein, defendant's counterclaim should be dismissed in its entirety by this court for the reasons argued herein.

Respectfully submitted,

/s/
_____
John E. Carpenter, Esq.
Federal Bar No. 22377
910 17th Street, N.W. Suite 800

Washington, D.C. 20006
(202) 997-3377

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion to dismiss defendant's counterclaim was filed with the court using the CM/ECF system on November 27, 2018. Accordingly, notification of the filing and the filing itself were served upon:

Brian Gallagher, Esq.
Council, Baradel Kosmerl and Nolan
125 West Street Fourth Floor
Annapolis, Maryland 21404
Attorney for defendant Wade Callender

/s/

_____
John E. Carpenter
Attorney for Plaintiffs