# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

DONALD J. CALLENDER and
CONVERGENCE MANAGEMENT
ASSOCIATES, LLC,

    Plaintiffs,

v.

WADE CALLENDER,

    Defendant.

Civil Action No. TDC-17-3249

## MEMORANDUM OPINION

Plaintiffs Donald J. Callender and Convergence Management Associates, LLC ("CMA") filed this state law tort action against Defendant Wade Callender arising from an intra-family dispute relating to a previously dismissed lawsuit in this Court. After the Court granted in part and denied in part Wade Callender's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Wade Callender filed state law tort counterclaims against Plaintiffs. Presently pending before the Court is Plaintiffs' Motion to Dismiss the Counterclaims. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Relevant factual and procedural background is recounted in this Court's July 26, 2018 Memorandum Opinion. *Callender v. Callender*, No. 17-3249, 2018 WL 3609536, at *1–4 (D. Md. July 26, 2018). Wade Callender's counterclaims consist of claims of abuse of process (Count 1), defamation (Count 2), breach of a partnership agreement (Count 3), and false light (Count 4)

under Maryland law arising out of the filing of this lawsuit and the previous lawsuits among the Callenders.

In his abuse of process claim, Wade Callender alleges that Donald Callender's conduct since his divorce from Diane Callender, Wade Callender's mother, has evidenced a desire to "embarrass, humiliate, and generally cause pain and inconvenience" to Wade Callender, and that the current lawsuit is a use of process "without the support of law, and in a manner not contemplated by law." Def.'s Countercl. ¶¶ 6–7, ECF No. 23. In his defamation and false light claims, Wade Callender asserts that the "numerous unsavory allegations" Donald Callender has made against Wade Callender, in both this lawsuit and a criminal complaint filed in the District Court of Maryland for Calvert County, constitute defamation and have portrayed Wade Callender in a false or misleading light. *Id.* ¶¶ 10, 28. Wade Callender points to statements in which Donald Callender contends that Wade Callender broke into Plaintiffs' business, stole multiple items from the business, and commandeered bank accounts belonging to Plaintiffs.

Finally, in his breach of a partnership agreement claim, Wade Callender asserts that the Falkirk Family Limited Partnership ("Falkirk") owns and controls CMA. According to Wade Callender, during a November 2016 meeting, a majority of the owners of Falkirk stripped Donald Callender and CMA of any management authority in Falkirk. He alleges that Falkirk's controlling members then amended the Falkirk Partnership Agreement (the "Agreement") to include a dispute resolution provision which requires an affirmative vote of more than 85 percent of the partners to instigate litigation to resolve a dispute among Falkirk partners regarding the Agreement or the ownership of the partnership. Wade Callender asserts that since Plaintiffs' Complaint claims that Wade Callender "unlawfully entered the offices of CMA and removed Property to which he had no right" and "improperly dismissed a prior lawsuit to which CMA was the Plaintiff," Plaintiffs'

suit constitutes a dispute "relating to" Falkirk and is subject to the dispute resolution provision of the Agreement. *Id.* ¶¶ 22–23. Wade Callender alleges that Plaintiffs have breached the Agreement by filing this lawsuit.

## DISCUSSION

Plaintiffs seek dismissal of all counterclaims. They argue that the abuse of process claim should be dismissed because Wade Callender has failed to allege an improper act or threat in Donald Callender's use of process; that the defamation and false light claims fail because the relevant statements were time-barred or privileged; and that this Court's previous ruling regarding the ownership of CMA forecloses Wade Callender's breach of a partnership agreement claim.

### I. Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

### II. Abuse of Process

An abuse of process claim requires a plaintiff to show that (1) "the defendant willfully used process after it has issued in a manner not contemplated by law"; (2) "the defendant acted to satisfy an ulterior motive"; and (3) "damages resulted from the defendant's perverted use of process." *One Thousand Fleet L.P. v. Guerriero*, 694 A.2d 952, 956 (Md. 1997). "In order to establish an

abuse of process, there must be a definite act or threat that is not authorized by the process or aimed at an objective not legitimate in the use of the process." *Attorney Grievance Comm'n of Md. v. Roberts*, 904 A.2d 557, 571 (Md. 2006). The archetypal abuse of process claim arises from the use of criminal process to coerce an individual to pay a debt in order to avoid arrest and prosecution. *See Palmer Ford, Inc. v. Wood*, 471 A.2d 297, 311 (Md. 1984) (collecting cases). A party is not liable for abuse of process where the party "has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil [the] motive may be." *One Thousand Fleet*, 694 A.2d at 956 (quoting *Wells v. Orthwein*, 670 S.W.2d 529, 533 (Mo. Ct. App. 1984)). As a result, "bad motive alone" cannot be the foundation for an abuse of process claim. *Id.*

Assuming that the other requirements for an abuse of process claim are met, Wade Callender's claim fails because he does not allege "a definite act or threat that is not authorized by the process." *Attorney Grievance Comm'n*, 904 A.2d at 571. In *Berman v. Karvounis*, 518 A.2d 726 (Md. 1987), the plaintiffs alleged that the defendants had engaged in improper use of process where the defendants had filed 12 civil actions against the plaintiffs and sought excessive punitive damages to "harass and oppress" the plaintiffs through extortion. *Id.* at 728. The Court of Appeals of Maryland held that the plaintiffs had not sufficiently alleged an abuse of process claim because they had not articulated any facts that showed "how the process was used for any purpose other than the normal one" of litigating against the plaintiffs. *Id.* at 729. In his counterclaim, Wade Callender states that Donald Callender has engaged in a "pattern of behavior meant to embarrass, humiliate, and generally cause pain and inconvenience" to Wade Callender "in a manner not contemplated by law." Def.'s Countercl. ¶¶ 6–7. He does not identify any threats or other actions, not legally authorized, in which Donald Callender engaged to further the purpose of embarrassing Wade Callender. Like the plaintiffs in *Berman*, Wade Callender has alleged only that Donald

Callender has filed a lawsuit against him. Even if Donald Callender is motivated by an evil desire to "harass and otherwise burden" Wade Callender, *id.* ¶ 8, that is not enough for an abuse of process claim. *See One Thousand Fleet*, 694 A.2d at 956. Plaintiffs' Motion will be granted as to Count 1.

### III. Defamation and False Light

#### A. Defamation

To establish a *prima facie* case of defamation under Maryland law, a plaintiff must establish that (1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm. *Gohari v. Darvish*, 767 A.2d 321, 327 (Md. 2001). Under the first element, a defamatory statement is one "which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Id.* (quoting *Rosenberg v. Helinski*, 616 A.2d 866, 871 (Md. 1992)). Under the second element, a statement is "false" if it was "not substantially correct." *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012). Establishing the third element, that a defendant is legally at fault, requires a showing that, at a minimum, the party making the false statement acted negligently. *Hearst Corp. v. Hughes*, 466 A.2d 486, 490–92 (Md. 1983). For the fourth element, actual harm must generally be established. *Id.* at 493; *Shapiro v. Massengill*, 661 A.2d 202, 217–18 (Md. Ct. Spec. App. 1995). Each alleged defamatory statement constitutes a "separate instance of defamation" that must be specifically alleged. *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862, 1999 WL 89125, at *3 (4th Cir. 1999) (unpublished decision); *see also Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748,

5

758 (D. Md. 2015) ("To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement.").

In Maryland, defamation claims must be filed within one year of the date that the statements were communicated. Md. Code Ann. Cts. & Jud. Proc. § 5–105 (West 2011); *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297, 316 (Md. Ct. Spec. App. 1995). Since the continuous harm doctrine is not applicable to a defamation claim, a later defamatory statement within the statute of limitations does not toll the limitations for otherwise time-barred statements. *Long v. Welch & Rushe*, 28 F. Supp. 3d 446, 457 (D. Md. 2014). Wade Callender's counterclaim was filed on August 9, 2018. Thus, any alleged defamatory statements communicated before August 9, 2017 are barred by the statute of limitations.

Under Maryland law, judges, attorneys, parties, and witnesses are entitled to an absolute privilege, sometimes referred to as the "litigation privilege," for statements made in judicial proceedings that "have some rational relation to the matter at bar." *O'Brien & Gere Eng'rs v. City of Salisbury*, 135 A.3d 473, 483–84 (Md. 2016). This privilege covers both statements made in a courtroom and statements made in documents filed in a judicial proceeding. *Adams v. Peck*, 415 A.2d 292, 293 (Md. 1980). "This absolute privilege protects the person publishing the defamatory statement from liability even if his purpose or motive was malicious, he knew that the statement was false, or his conduct was otherwise unreasonable." *Id.*

In his counterclaim, Wade Callender identifies only two specific defamatory statements: the allegations in Donald Callender's Complaint in this case, which was filed on November 3, 2017, and statements made in a criminal complaint sworn to by Donald Callender in the District Court of Maryland for Calvert County in April or May 2017. Since the criminal complaint was issued more than a year before the filing of this case, it is barred by the one-year statute of

limitations. Moreover, both of the specific defamatory statements identified by Wade Callender were made during judicial proceedings. Therefore, Donald Callender is protected from liability under Maryland's litigation privilege. *See Peck*, 415 A.2d at 293.

Although Wade Callender alleges that the statements in his Complaint were "published to many others over the past year," Def.'s Countercl. ¶ 10, because he does not specifically identify any other instances of publication, this general assertion is insufficient to state a claim for defamation. *See English Boiler*, 1999 WL 89125, at *3. Since Wade Callender did not otherwise allege other examples of defamation, other than by generally asserting that "numerous unsavory allegations" have been uttered, his defamation claim will be dismissed. *See id.*

**B.   False Light**

Wade Callender's false light claim, based on the same statements identified above, fails to state a claim for the same reason. The elements of a false light/invasion of privacy claim under Maryland law are: (1) the defendant gave "publicity to a matter concerning another that places the other before the public in a false light," (2) "the false light in which the other person was placed would be highly offensive to a reasonable person," and (3) the defendant "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Bagwell*, 665 A.2d at 318 (quoting Restatement (Second) of Torts § 625E (Am. Law Inst. 1977)). Under Maryland law, "[r]egardless of whether a declaration is styled as a defamation action or an invasion of privacy action, the same considerations and legal standards apply." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 n.1 (4th Cir. 1990) (alteration in original) (quoting *Phillips v. Wash. Magazine, Inc.*, 472 A.2d 98, 101 n.1 (Md. Ct. Spec. App. 1984)); *see Piscatelli*, 35 A.3d at 1146–47 (holding that it is "superfluous" to separately analyze a false light claim after concluding that the defamation claim failed). The

absolute privilege for communications made in judicial proceedings therefore also applies to, and bars, Wade Callender's false light claim. *See Holt v. Camus*, 128 F. Supp. 2d 812, 816 (D. Md. 1999) (holding that a false light claim based on statements made in a deposition was barred by the absolute litigation privilege).

## IV. Breach of a Partnership Agreement

Plaintiffs assert that Wade Callender's breach of a partnership agreement claim in Count 3 is based on the premise that Falkirk owns and controls CMA because of the November 2016 partnership vote. Since no court, including this Court, has held that the November vote gave such control to Falkirk, Plaintiffs argue, Wade Callender "lacks the necessary legal predicate" to assert a breach of a partnership agreement claim. Pls.' Mot. Dismiss 13, ECF No. 35. In response, Wade Callender states that there remains a factual dispute regarding who controls CMA, relying on the Court's prior ruling on his own Motion to Dismiss or, in the Alternative, for Summary Judgment.

Plaintiffs do not appear to contest the allegation that the Falkirk partners validly adopted the requirement of an 85 percent vote to permit litigation over the Agreement or the ownership of the partnership, but to the extent that ownership of CMA could be deemed to be relevant to the breach of a partnership agreement claim, this Court held in the July 26 Memorandum Opinion that it could not, on the then-existing record, grant summary judgment to Wade Callender "based on his contention that Falkirk controlled CMA" after the November 2016 meeting. *Callender*, 2018 WL 3609536, at *11–12. It did not rule that Falkirk does not own or control CMA. The parties have yet to supply the Court with further documentation to resolve this issue. To the extent that Count 3 hinges on whether Falkirk controls CMA, this Court's prior opinion makes clear that the issue of the ownership of CMA is better resolved "after discovery has been completed" so that the parties can "collect and provide to the Court all documents and other evidence" necessary to decide

the issue. *Id.* at \*12. Thus, for purposes of the pending Motion to Dismiss, the Court accepts Wade Callender's assertion that Falkirk controls CMA as true in order to determine whether he has stated a claim on which relief may be granted. *See Albright*, 510 U.S. at 268. Plaintiffs' Motion as to Count 3 is therefore denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART. It is granted as to the abuse of process, defamation, and false light claims (Counts 1, 2, and 4). It is denied as to the breach of a partnership agreement claim (Count 3). A separate Order shall issue.

Date: May 3, 2019

THEODORE D. CHUANG
United States District Judge